# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| EBONEE TATE, *Plaintiff*, | § § § | |
| v. | § § | Case No. 4:13-cv-737 |
| PARIS JUNIOR COLLEGE, SEAN LEBEAUF, DR. PAM ANGLIN, *Defendants.* | § § § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On December 15, 2014, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant Sean LeBeauf's Motion to Dismiss (Dkt. 21) be **DENIED**, Defendant Dr. Pamela Anglin's Motion to Dismiss (Dkt. 22) be **DENIED**, and Defendant Paris Junior College's Motion to Dismiss (Dkt. 23) be **DENIED**.

No objections were filed by Defendant Sean LeBeauf. The court has made a *de novo* review of the objections raised by the Defendants Dr. Pam Anglin and Paris Junior College (Dkt. 44) and is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit as to the ultimate findings of the Magistrate Judge. Plaintiff's allegations that Defendant LeBeauf's harassment and retaliatory conduct continued *after* her report to Dr. Anglin are sufficient to allow the court to draw the reasonable inference that Defendants are liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's retaliation claim is based on her argument that LeBeauf, acting as an agent of PJC, retaliated against her *after* she made a complaint that gave PJC actual notice of LeBeauf's discriminatory acts. In *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 285 (1998), the

Court held that a school district cannot be liable for discrimination under Title IX by a teacher under the theory of *respondeat superior* when the school district has not been given actual notice of the offenses. The instant case is distinguishable. *See Mansourian v. Regents of Univ. of Calif.*, 602 F.3d 957, 967 (9th Cir. 2010) ("Critically for present purposes, *Gebser* does not make pre-litigation notice of an alleged violation a prerequisite to recovery in every Title IX case, or even in every sexual harassment case."); *Miller v. Kutztown Univ.*, Civil Action No. 13-3993, 2013 WL 6506321, at *4 (E.D. Pa. Dec. 11, 2013) (denying the defendant's motion to dismiss a retaliation claim when members of a university faculty retaliated against the plaintiff for complaining about a professor's sexual harassment). Retaliation is "is easily attributable to the funding recipient, and it is always—by definition—intentional." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 183 (2005). Plaintiff has sufficiently pleaded a prima facie claim for retaliation under Title IX. Defendants have put forth no authority that bars a Title IX retaliation claim in these circumstances.

The court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court. Therefore, Defendant Sean LeBeauf's Motion to Dismiss (Dkt. 21) is **DENIED**, Defendant Dr. Pamela Anglin's Motion to Dismiss (Dkt. 22) is **DENIED**, and Defendant Paris Junior College's Motion to Dismiss (Dkt. 23) is **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 10th day of April, 2015.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE