**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **EBONEE TATE** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **Case No. 4:13cv737** |
| | § | |
| **PARIS JUNIOR COLLEGE, SEAN** | § | |
| **LEBEAUF and DR. PAM ANGLIN** | § | |
| | § | |
| **Defendants.** | § | |

<u>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**</u>

This case was filed by Plaintiff Ebonee Tate, through counsel, on December 13, 2013. *See* Dkt. 1. Plaintiff contends that she was sexually harassed by her coach while she was a student and a member of the women's basketball team at Paris Junior College.

### PROCEDURAL HISTORY

On February 6, 2015, after the case had proceeded in a timely fashion for more than a year, Plaintiff's counsel filed a motion to withdraw from representation, arguing that Plaintiff had not complied with their contractual agreement and had failed to "consistently communicate, cooperate, and inform counsel of her whereabouts or current contact information." Dkt. 48. On February 20, 2015, an order was entered granting the withdrawal of Plaintiff's counsel and directing Plaintiff to immediately notify the Court of her new counsel but that she would be proceeding *pro se* until then. Dkt. 49; *see also* Dkt. 56 (permitting the withdrawal of a former attorney at Plaintiff's counsel's firm). No new counsel appeared on Plaintiff's behalf, and Plaintiff did not otherwise notify the

1

Court regarding any efforts to locate counsel.

On April 14, 2015, after the Court denied Defendants' motions to dismiss the case for failure to state a claim, the parties were directed to confer and submit an amended joint proposed scheduling order for the remaining deadlines in the case within 21 days.  Dkt. 51.  On May 5, 2015, Defendants submitted their amended proposed scheduling order and noted that they "engaged in several unsuccessful attempts to notify Plaintiff of this Order using the contact information provided in Plaintiff's counsels' motion to withdraw from representation." Dkt. 52.  Defendants also stated that defense counsel ultimately made contact with Plaintiff regarding the need to submit the proposed scheduling order but that Plaintiff did not participate in the parties' conference call regarding the proposed scheduling order after expressing her intention to hire new counsel and her "discomfort with signing a document she did not understand." *Id.* at 1.  Defendants attached to their proposed scheduling order copies of correspondence evidencing counsel's attempts to confer with Plaintiff. Dkts. 52-1 – 3.

On May 29, 2105, the Court entered an order setting a status conference in the case given Plaintiff's failure to participate in the parties' conference and submission of the proposed scheduling order.  Dkt. 57.  All parties were directed to appear in person, and Plaintiff was ordered to immediately update her contact information with the Clerk of Court. *Id.*

Plaintiff did not appear at the June 30, 2015 status conference, and Plaintiff failed to update her contact information as directed. *See* Dkts. 58 & 59.  Given the lack of any opposition from Plaintiff as to Defendants' proposal, the Court entered Defendants' proposed scheduling order. Dkt. 60.

2

On August 3, 2015, Defendants filed a notice with the Court regarding the Court's deadline to select a mediator. Dkt. 62. According to Defendants, Plaintiff indicated that she would not participate in the selection of a mediator since she did not have counsel. *Id.* Defendants attached copies of their email correspondence with Plaintiff regarding compliance with the Court's deadline. *Id.*

On August 27, 2015, Defendant Lebeauf filed a Motion to Compel Responses to Requests for Production and Interrogatories. *See* Dkt. 67. In the motion, Defendant represented that Plaintiff had failed to respond to discovery served on her on May 29, 2015. *Id.* In addition to copies of the discovery requests served on Plaintiff, Defendant attached to the motion copies of correspondence defense counsel sent to Plaintiff in June and July 2015 regarding her failure to respond to the requests and the need to respond. *See* Dkt. 67-1 – 67-4. Plaintiff did not respond to the motion to compel or counsel's correspondence.

After this case was re-assigned to the Honorable Ron Clark and the pretrial conference date was re-set to an earlier date, on August 27, 2015, the Court directed Plaintiff to contact Defendants' counsel regarding the submission of other amended pretrial dates. Dkt. 66. Plaintiff was cautioned that if she failed to contact Defendants' counsel or failed to fully participate in the conference and the submission of a proposed amended scheduling order, the case would be dismissed for want of prosecution. *Id.*

The Court originally gave Plaintiff a September 3, 2015 deadline to contact Defendants' counsel and a September 8, 2015 deadline to submit the proposed amended scheduling order to the Court. Dkt. 66. On September 2, 2015, after Defendants indicated a different service address for

Plaintiff in some of their filings – out of an abundance of caution and to ensure Plaintiff had notice of the Court's deadlines – the Court extended those deadlines to September 8, 2015 and September 14, 2015 respectively and directed the Clerk of Court to mail various orders to Plaintiff at the alternative address.  Dkt. 69.  Plaintiff was again cautioned that full and timely compliance and participation was expected and that failure to confirm her service address with the Clerk of Court, failure to timely respond to Defendant's pending motion to compel discovery responses, or failure to confer and file a proposed amended scheduling order would result in a recommendation that this case be dismissed for want of prosecution.  *Id.*

On September 2, 2015, Defendants filed their Notice to the Court Regarding Service to Plaintiff, stating that they had previously emailed Docket Number 64, 65, and 66 to an email address they used to communicate with Plaintiff.  Dkt. 70.  Defendants attached the referenced correspondence and noted that they emailed Plaintiff "as a courtesy to Plaintiff to help ensure that she received notice of Court Orders that would require action on behalf of the parties to the litigation."  Dkt. 70 at 1.

On September 9, 2015, Defendants filed another notice, notifying the Court of Plaintiff's failure to contact them in violation of the Court's orders.  *See* Dkt. 72.  Defendants further state that Plaintiff has not responded to written discovery requests, despite the filing of a motion to compel, and that she ignored attempts to confer regarding deposition dates.  *Id.*  Defendants ask the Court to dismiss the case with prejudice.

**ANALYSIS**

*Pro se* Plaintiff has failed to prosecute her claims or participate in this case in any meaningful way since her counsel's withdrawal over seven months ago. Plaintiff has not responded to multiple orders from the Court to provide the Clerk of Court with her service address. And, even so, the record evidences attempts by this Court and by her opponents to notify her of Court orders and deadlines. Plaintiff has done nothing.

The Court directed Plaintiff to provide a current address. Plaintiff did not respond.

The Court set a status hearing and directed her to appear. Plaintiff did not appear.

Defendants served discovery on her. Plaintiff did not respond.

Defendant filed a motion to compel discovery responses. Plaintiff did not respond.

The Court warned Plaintiff of the consequences of her silence, and Plaintiff did nothing.

This case has been pending for almost two years, and the Court declines to permit any further inaction. This case should be dismissed for want of prosecution. *See* FED. R. CIV. P. 41(b); FED. R. CIV. P. 37(b)(2)(A)(v) (a court may dismiss an action in whole or in part for a party's failure to comply with discovery order); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) ("A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order."); *Jackson v. Lewis Food Town, Inc.*, 203 Fed. App'x 576, 576 (5th Cir. 2006) (affirming dismissal where the magistrate judge, district judge, and counsel for the defendant "patiently and properly" sought to obtain information from the plaintiff and the plaintiff was informed of what was required and what consequences could result from failure to comply but continued to refuse to comply); *Bivins v. Mississippi Press Register, Inc.*, 72 Fed. App'x 166, 167 (5th Cir. 2003) (affirming

5

dismissal of complaint with prejudice where the record showed that the plaintiff wilfully refused to comply with discovery orders, although the magistrate judge gave repeated extensions of the discovery deadlines).

The Court further finds that the dismissal should be with prejudice. For a case to be dismissed with prejudice, the district court record must show that "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice." *Coleman v. Sweetin*, 745 F.3d 756, 766 -67 (5th Cir. 2014). Generally, at least one of three of the following aggravating factors must be present to justify a dismissal with prejudice: (1) delay caused by Plaintiff herself and not an attorney; (2) actual prejudice to Defendant; or (3) delay caused by intentional conduct. *Id.* The Court must also "'consider and reject less drastic measures' before involuntarily dismissing a case with prejudice." *Holden v. Simpson Paper Co.*, 2002 WL 31115137, 2 (5th Cir. 2002).

Here, there is a clear record of delay and contumacious conduct by Plaintiff. *See* Dkts. 52, 52-2, 58, 59, 62, 62-1. Plaintiff is not represented by counsel, and although the Court has granted her significant leniency and consideration given her *pro se* status, she, not an attorney, has caused the delays and lack of compliance. Therefore, any fault lies with her. As to whether Plaintiff's silence was intentional, "the repetitive nature of her actions in light of repeated court warnings strongly indicates that she did not act unintentionally." *Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 Fed. App'x 329, 334 (5th Cir. 2013). In response to one effort to confer by defense counsel, Plaintiff stated, "I do not have a lawyer and I am not ... Going to sign or talk to anyone. Send whatever to the court ... For real." Dkt. 62-1. Plaintiff was cautioned that her failure to participate and comply

would result in dismissal.  *See* Dkt. 66 & 69.  That she was proceeding without counsel did not absolve her of her obligations in this case.

The Court's less drastic remedies of repeatedly advising Plaintiff of the consequences of her failure to participate and to comply with the Court's orders were evidently not sufficient to compel her prosecution of the suit or her participation in discovery and other pretrial matters.  Not only has the Court sent Plaintiff materials at two addresses since her counsel's withdrawal to ensure she has adequate notice of the impending dismissal, defense counsel has emailed Plaintiff copies of the Court's orders to her.  Such goes above and beyond any duties expected of an opponent in a lawsuit and is evidence of the extensive professionalism by counsel and an accommodation of Plaintiff not required by any procedural rules or precedent.

The Court notes the prejudice caused to Defendants as a result of Plaintiff's failure to comply with its orders.  Without the ability to conduct and conduct other discovery, Defendants face substantial prejudice in defending themselves in this litigation.  Moreover, Defendants have unnecessarily incurred time and fees in seeking to obtain discovery from Plaintiff and to even get an agreement as to the remaining procedural deadlines in the case.

Given Plaintiff's persistent refusal to comply with this Court's orders and failure to respond to Defendants' discovery requests and having considered Plaintiff's complete silence in this case since the withdrawal of her counsel (despite her correspondence with Defendants' counsel), it is clear that lesser sanctions (including additional warnings or monetary sanctions) would not serve the interests of justice.  Plaintiff has been provided with numerous opportunities to comply with the Court's orders and has never set forth her substantial justification for her failure to do so.

This case should be dismissed with prejudice, and closed on the Court's docket with all costs borne by the party incurring same.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 1st day of October, 2015.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

8